UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFREY MCGAUGHEY | CIVIL ACTION |
| VERSUS | NO: 12-1902 |
| RONALD PETTY, ET AL. | SECTION: "F" (4) |

## ORDER

Before the Court is Defendants, Ronald Petty, ("Petty") and Metropolitan Property and Casualty Insurance Company, ("Metropolitan") (collectively, "Defendants") **Motion to Compel Plaintiff's Independent Medical Examination (R. Doc. 32)**, seeking an Order from this Court compelling Plaintiff, Jeffrey McGaughey, ("McGaughey") to submit for a medical examination pursuant to Federal Rule of Civil Procedure ("Rule") 35. The motion is unopposed,[1] and was heard on the briefs on July 10, 2013.[2]

### I.    Background

In sum, this case involves McGaughey's allegations that on February 16, 2011, he sustained personal injuries in an automobile accident due to Petty's negligence. (R. Doc. 1-2, p. 5).[3] McGaughey has sued Petty, as well as Metropolitan, who he alleges insured the vehicle Petty was

---

[1] On July 8, 2013, McGaughey attempted to file an opposition into the record. (R. Doc. 38). However, under Local Rule 7.5, an opposition to any contested motion must be filed no later than eight days prior to the noticed submission date. In this case, because McGaughey's opposition was filed two days prior to the submission date, it is untimely and therefore Defendants' motion is considered unopposed.

[2] The Court previously denied a joint motion to continue the submission date on the instant motion. (R. Docs. 34, 36).

[3] This case was originally filed in the Civil District Court for the Parish of Orleans, Louisiana on February 15, 2012. (R. Doc. 1-2, p. 4). The case was duly removed to federal court on July 20, 2012. (R. Doc. 1).

driving at the time of the accident. *Id.*[4] Specifically, McGaughey has alleged "severe and painful personal injury, including, but not limited to all bones and muscles of the body; nerves, ligaments, tendons, blood vessels; and more particularly, injuries to the left leg, neck and lower back." *Id.*

As to the instant motion, Defendants have moved to compel an independent medical examination of McGaughey, which is unopposed.

## II.  Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." *Id.* The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Rule 35 provides in pertinent part that "[t]he court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Rule 35(a)(1). The court may issue such an order "on motion for good cause and upon notice to all parties and the person to be examined"

---

[4] McGhaughey later amended his petition to include Travelers Indemnity Company of Connecticut, ("Travelers") as McGaughey's underinsured/uninsured motorist liability carrier. (R. Doc. 17, p. 2). Traveler's is not a signatory to the instant motion.

which specifies "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *Id.* at 35(a)(2).

The Court uses a two-part test to determine whether a Rule 35(a) motion will be granted. First, the moving party must show that the physical or mental state of the party to be examined is in controversy. *Schlagenhauf v. Holder*, 379 U.S. 104, 106 (1964). A "plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id*. at 119. Second, the moving party must show "good cause" as to why the motion should be granted, which requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Id.* at 118.

Moreover, although Rule 35(a) endows the district court with "wide discretion" in determining whether a physical examination should be ordered, although the Rule should be interpreted "liberally . . . in favor of discovery." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 207 & n.1 (N.D. Tex. 1996). There is no absolute prohibition on restricting defendants to a single IME under Rule 35(a). *See Guille v. Pontchartrain Materials Corp.*, No. 04-593, 2004 WL 2193823, at *1 (E.D. La. Sept. 23, 2004).

### III.    Analysis

In support of their motion, Defendants argue that because McGaughey alleges personal injuries, they have scheduled an independent medical examination with "board-certified orthopaedic surgeon, David Aiken, M.D. ["Dr. Aiken"], on September 24, 2013." (R. Doc. 32-1, p. 1). Defendants argue that they have met the first prong of *Schlagenhauf* because McGaughey's medical condition is clearly at issue. The Court agrees that McGaughey's allegation that he has suffered "severe and painful personal injury, including, but not limited to all bones and muscles of the body; nerves,

ligaments, tendons, blood vessels; and more particularly, injuries to the left leg, neck and lower back" (R. Doc. 1-2, p. 5) clearly places his physical condition at issue in this suit.

Defendants also argue that they meet the second prong of *Schlagenhauf* because McGaughey has now seen four physicians of his choosing, yet Defendants have yet to examine him in this suit with a physician of their choosing. (R. Doc. 32-1, p. 5). They argue that after notifying McGaughey of their intent to take an IME with Dr. Aiken, McGaughey sent a letter to Defendants which stated that he "has already undergone a Second Medical Opinion regarding the injuries he sustained in the February 16, 2011 accident. You should be in possession of the report from that examination." (R. Doc. 32-2, p. 1). As such, McGaughey stated that Defendants' proposed IME was not "appropriate under the circumstances," and that he would decline to participate in the same. *Id.*

Defendants admit that in a separate and substantively unrelated worker's compensation suit which McGaughey had brought, *Traveler's* subjected McGaughey to an IME by another orthopaedist, Dr. Robert Steiner, ("Dr. Steiner"). *Id.* at 3.[5] Although not specifically stated, it appears that Dr. Steiner's IME is the "Second Medical Opinion" referenced by McGaughey in his opposition letter. Defendants argue that Dr. Steiner's IME should not weigh against their entitlement to obtaining an IME from Dr. Aiken, as Defendants are not parties to McGaughey's worker's compensation claim, were not involved in Traveler's selection of Dr. Steiner for an IME in that action, and in fact "only recently learned of said examination after issuing a subpoena duces tecum to Traveler's." *Id.* Defendants also argue that the two actions are unrelated to the degree that the applicable workers' compensation scheme (1) defines injuries and damages differently, (2) holds parties to different burdens of proof, and (3) requires different obligations of the parties involved. (R. Doc. 32-1, p. 4).

---

[5]Defendants do not indicate the forum in which McGaughey's workers' compensation suit is being litigated, or the current status of that case.

Here, no evidence suggests that either Petty or Metropolitan had input into Traveler's selection of Dr. Steiner to perform the IME in that action, as they were not made parties to that suit. *See Case v. J.P. Offshore, Inc.*, No. 95-3239, 1996 WL 210720, at *1 (E.D. La. Apr. 29, 1996) (finding that subsequent medical examinations made by the *same party* may require a "stronger showing" before they are granted). Further, although Defendants have not specified the precise scope of Dr. Aiken's proposed examination, McGaughey's personal injury claim is itself virtually limitless. Moreover, the examination is scheduled to take place at a date more than two months in the future. Finally, to the degree McGaughey contests Defendants' motion, he has failed to appropriately file any formal opposition into the record which indicates the same.

In sum, the Court grants Defendants' request to compel McGaughey to appear for the IME with Dr. Aiken on September 24, 2013.

Accordingly,

**IT IS ORDERED** that Defendants, Ronald Petty, ("Petty") and Metropolitan Property and Casualty Insurance Company, ("Metropolitan") (collectively, "Defendants") **Motion to Compel Plaintiff's Independent Medical Examination (R. Doc. 32)** is **GRANTED**.

New Orleans, Louisiana, this 10th day of July 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

5